IRA L. BOSLAUGH, Appellant, v. BOARD OF SUPERVISORS OF BUENA VISTA COUNTY et al., Appellees.

**DRAINS:** Assessment—Failure to Classify Lands. Failure of the com-
1 missioners to make any particular classification of the assessable lands is immaterial if what was done resulted in an approximately equitable assessment.

**DRAINS:**   Assessment—Presumption.   Principle reaffirmed that the in-
2   clusion of lands within a drainage district creates a conclusive
presumption that such lands will be benefited in *some* degree by the
improvement.

**DRAINS:**   Assessment—Credit for Existing Improvement.   When a
3   private drainage improvement is taken over by a public drainage
improvement, neither the assessment commissioners nor the court
has power to credit the property owner for his private drainage with
a sum in excess of his assessment, even though the value of the
private drainage is in excess of the amount of said assessment.

*Appeal from Buena Vista District Court.*—James DeLand,
Judge.

February 16, 1921.

Appeal from decree approving and confirming order of
board of supervisors levying assessments upon the land of plain-
tiff in drainage district, and for amount allowed plaintiff for
private drainage system taken over by the district.—*Affirmed.*

*A. L. Whitney,* for appellant.

*Healy & Faville,* for appellees.

Arthur, J.—Plaintiff's land is included in Drainage Dis-
trict No. 107, of Buena Vista County.   No question is raised in
regard to proceedings in connection with the establishment of
the drainage district, or any proceedings be-
fore the board of supervisors, except the over-
ruling of plaintiff's objections to the assessment
of benefits laid on his land, and to the credit given him for
the private tile system that was already installed on his land.
The controversy is as to whether the court erred in refusing to
lower the assessment for benefits made by the board of super-
visors, and to allow greater credit to plaintiff for his private
drainage system taken over by the district.

1. Drains:
assessment:
failure to
classify lands.

Plaintiff's main complaint is that the commissioners who
assessed benefits did not make a classification of plaintiff's land
and lands adjoining it by designating the lands as "swampy,

wet, low, and high," and that, because of the failure to so classify the lands and to assign to each 40-acre tract a percentage, the assessment is irregular and totally void. The further claim is made that the credit allowed to plaintiff for the tile system of drainage already installed on his land, which was taken over, was inadequate.

Some lands in the district were classified as "swampy, wet, low, and high," but the lands of plaintiff and the adjoining lands of Wagner and Soeth were not so classified. These lands had already been tiled out, and could not come within any classification, unless it would be "high and dry" land; and it appears that, while the commissioners gave these lands no specific classification or percentage, they did, in effect, treat them as of a high land classification. The engineer testified:

"The elements of benefit that we took into consideration were that this land would bear first the nominal, or, as you might say, the high land benefit that is customary to put upon all 40's in the district which have an indirect benefit. Second, the improvement benefit improving the outlet as it was on the Sedgley land to provide a better 'get away' for the water. Third, by making it a community proposition, gives the Boslaugh land benefit of the use of the tile on the Sedgley land, so the Boslaugh tile can now be lowered."

When the district was formed, and plaintiff's land and the land of Wagner and Sedgley were taken into the district, these lands were already drained by tile systems installed by the owners, and the lands were not of a character to admit of classification either as "swampy, wet, low, or high;" and the assessments, of necessity, had to be made upon the basis of the benefit to each of the particular 40's in proportion to the special benefit which each 40 received, in comparison with similar lands. The usual manner of classification could scarcely be applied to these lands, under the situation. If the method adopted brought about an equitable and fair result, the assessments would not be disturbed because the procedure was not strictly as prescribed by the statute, but was equivalent thereto. *Chicago & N. W. R. Co. v. Board of Supervisors,* 184 Iowa 590.

Three 40's of plaintiff's land were assessed, one at $19.54, one at $133.50, and one at $127.46.

It appears from the testimony of the engineer that, in making the assessment on plaintiff's land, the commissioners took into consideration that the land should bear a nominal amount, it having already been tiled, such as it is customary to put upon high lands which are only indirectly benefited; and that each nominal assessment was increased on account of better outlet afforded plaintiff by the new improvements, and also on account of benefit to plaintiff by making available to him the use of the tile on the Sedgley land, so that plaintiff's tile could be lowered, to his advantage.

There is no showing that the method adopted and the elements taken into consideration in ascertaining and fixing the amounts that should be and were assessed for benefits against the lands of plaintiff resulted otherwise than in an equitable and fair assessment. No injury is shown to result to plaintiff by the method pursued.

Plaintiff insists that his land should not be assessed in any amount, and offered proof to show that his lands received no
benefit whatever. But, his lands being within
2. DRAINS:
   assessment:
   presumption.
the district, he is presumed to receive benefit, and he is not permitted, under the statute, to claim and prove that no benefit accrues to him.

Appellant's second proposition is that he did not receive sufficient credit for the private system that was appropriated.
3. DRAINS:
   assessment:
   credit for
   existing im-
   provement.
Section 1989-a25, Code Supplement, 1913, provides:

"Whenever a new district shall be established as contemplated in this section and the new improvement shall extend into or along the former improvement, the commissioners of classification and benefits shall take into consideration the value of such old improvement in the construction of the new improvement and credit the same to the parties owning the old improvement as their interests may appear."

The total assessment laid against plaintiff's three 40's is $280. It appears that the value of the private drainage system of plaintiff taken over by the district,—that is, the tiling,—was considerably greater than $280. But the board, the court affirming, gave plaintiff credit to the utmost allowed under the statute. The statute reads:

"Shall take into consideration the value of such old improvement in the construction of the new improvement and credit the same to the parties owning the old improvement."

The commissioners and the board found that the amount that should be awarded to plaintiff and credited on account of his private improvement equaled or exceeded the amount of his tax, and offset one against the other; and the result was to leave plaintiff free from any taxation. In this way, plaintiff received "credit for his improvement."

Conceding that plaintiff's private improvement is of greater value than the assessed benefit, there is no authority given by the statute to enter and assess a judgment against the district, in favor of plaintiff, for this excess in value. Plaintiff was given credit for his private improvement to the extent of the assessment of benefits on his land, and that was all that the commissioners and the court had power to do.

We find no reason for disturbing the decree of the trial court, and the cause is—*Affirmed.*

EVANS, C. J., STEVENS and DE GRAFF, JJ., concur.

FAVILLE, J., took no part.